<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE C. PEREIRA,<br><br>    Plaintiff,<br><br>  v.<br><br>FOX NEWS,<br><br>    Defendant. | Case No. 2:23-cv-04120 (BRM) (CLW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before this Court is a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by Defendant Fox News Network, LLC ("Fox News").[1] (ECF No. 26.) *Pro se* Plaintiff Jose C. Pereira ("Plaintiff") filed an opposition (ECF No. 28), Fox News filed a reply (ECF No. 29), and Plaintiff filed a sur-reply (ECF No. 30). Having reviewed the parties' submissions filed in connection with the Motion to Dismiss and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Fox News's Motion to Dismiss (ECF No. 26) is **GRANTED**.

**I. BACKGROUND**

  **A. Factual Background**

  For the purposes of the motion to dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff's factual allegations

---

[1] In the Second Amended Complaint, Plaintiff named "Fox News" as the defendant. (ECF No. 11.) Fox News's counsel identifies the company's full title as Fox News Network, LLC. (ECF Nos. 26, 29.)

provide the following:

> I would like to file this complaint against Fox News for there [sic] INVITATIONAL CRITERIA for getting invited to participate in the Presidential Debates . . . If they only invite candidates to debate who raise a certain amount of political donations . . . well what about the candidates who don't want to ask for political donations (MONEY) . . .
> I would LIKE TO SUE FOX NEWS for controlling what candidates get coverage and reported on by there [sic] news establishment . . . It seems that they only report on candidates that are politicians established and have a big political machine or Billionaire while they ignore INDEPENDENT CANDIDATES . . .

(ECF No. 11 § III (emphasis and ellipses in original).) Plaintiff requests the following relief:

> THAT FOX NEWS MAY ACKNOWLEDGE THAT UNDER THEIR OWN RULES A WANT TO BE PRESIDENTIAL CANDIDATE WHO DOES NOT WANT TO COLLECT POLITICAL DONATIONS MAY NEVER GET INVITED TO THE PRESIDENTIAL DEBATE . . . I AM ASKING $100,000 in relief for preventing my IDEAS AND AGENDA TO BE Heard by the VOTERS.

(*Id.* § V (emphasis and ellipses in original).)

Although not mentioned in the Second Amended Complaint, it is undisputed that Plaintiff previously filed a Complaint in separate matter captioned as *Pereira v. United States*, 2:23-cv-02315-KM-LDW. (ECF No. 26-1 at 1–3.) In that complaint, Plaintiff—who alleged he was born in South America—sought "the relief to be able to run for President." (Decl. of Steven G. Mintz, Ex. B (ECF No. 24-4 at 1).) In an Opinion dated May 4, 2023, the Honorable Kevin McNulty, U.S.D.J. (ret.) screened the allegations of Plaintiff's complaint. (*Id.*) Judge McNulty dismissed the complaint finding: Plaintiff had no standing because he was ineligible to run for president; and the complaint was frivolous as it failed to state a claim on which relief may be

granted.[2] (*Id.*)

B.  **Procedural History**

On August 1, 2023, Plaintiff filed the original Complaint naming Fox News, ABC News, NBC News, CBS News, CNN News, Time Magazine, BBC News, and the Republican National Committee ("RNC") as defendants. (ECF No. 1.) On August 4, 2023, the Court entered an Order denying Plaintiff's Application to Proceed *in forma pauperis*. (ECF No. 3.) On September 6, 2023, Plaintiff filed a letter, attaching a First Amended Complaint as an exhibit. (ECF No. 8.) The First Amended Complaint named the RNC as the only defendant. (ECF No. 8-1.) Thereafter, on November 1, 2023, the Honorable Cathy L. Waldor, U.S.M.J. entered a text order providing that Plaintiff's First Amended Complaint was construed as being "filed as a matter of course per Fed. R. Civ. P. 15(a)." (ECF No. 10.)

On November 30, 2023, Plaintiff filed the Second Amended Complaint naming Fox News as the only defendant.[3] (ECF No. 11.) On January 5, 2024, Plaintiff filed a letter requesting leave

---

[2] Pursuant to the Federal Rules of Evidence, a Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also United States v. Carr*, 25 F.3d 1194, 1203 (3d Cir. 1994). In "deciding a motion to dismiss, a district court is permitted to review matters of public record and take judicial notice of a prior judicial opinion." *Smith v Lynn*, 809 F. App'x 115, 117 (3d Cir. 2020) (citing *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009)). Indeed, taking notice of matters of public record does not convert a motion to dismiss into a motion for summary judgment so long as the facts are noticed in accordance with the Federal Rules of Evidence. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Accordingly, the Court takes judicial notice of Judge McNulty's holdings in *Pereira v. United States*, 2:23-cv-02315-KM-LDW.

[3] In the Second Amended Complaint, Plaintiff did not clearly identify the basis for the Court's subject matter jurisdiction as Plaintiff did not provide a statement of jurisdiction. (*See* ECF No. 11 § II.) Based upon a review of the Second Amended Complaint, it appears the Court's jurisdiction is predicated on either federal question or diversity jurisdiction. (*See id.* §§ I.A., V (requesting $100,000.00 in damages and listing his residence as a New Jersey address and Fox News's address as a New York address); *id.* §§ III–V (alleging injuries were caused by Fox News's

3

to file a Third Amended Complaint. (ECF No. 23.) On January 12, 2024, Fox News filed a Motion to Dismiss the Second Amended Complaint.[4] (ECF No. 26.) Five days later, Plaintiff filed a Third Amended Complaint. (ECF No. 27.) Thereafter, Plaintiff submitted a filing entitled "Response in Opposition" to Fox News's Motion to Dismiss. (ECF No. 28.) On January 29, 2024, Fox News filed a Reply in further support of its Motion to Dismiss. (ECF No. 29.) On January 31, 2024, Plaintiff filed a letter which the Court construes as a sur-reply[5] stating: "[t]he following is my

---

"discrimination" in: failing to invite candidates to the presidential debates who do not "raise a certain amount of political donations"; "controlling what candidates get coverage"; and "ignor[ing] independent candidates")). Fox News did not raise this issue as a basis for dismissal of the Second Amended Complaint. A district court has the obligation to raise questions of subject matter jurisdiction *sua sponte*. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002); *Emp'rs Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990). Indeed, "[f]ederal courts are courts of limited jurisdiction that may only hear a case if the constitution or a federal statute provides the court with jurisdiction." *Jackson v. Del. River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). However, as the Court finds below that Plaintiff has not satisfied the jurisdictional requirement of standing, the Court will not make any findings as to whether it has subject matter jurisdiction pursuant to diversity or federal question jurisdiction because standing is a "threshold question." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (holding "a court [cannot] decide the cause of action before resolving Article III jurisdiction"); *cf. Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) (holding the prudential standing doctrine represents a "threshold question" which "may be resolved before addressing jurisdiction" (citations omitted)); *cf. Lazaridis v. Wehmer*, 591 F.3d 666, 670 n.3 (3d Cir. 2010) ("While the District Court dismissed part of this claim based on a lack of subject matter jurisdiction, *Younger* abstention 'represents the sort of 'threshold question' [that] may be resolved before addressing jurisdiction.' . . . [W]e need not consider whether the District Court had subject matter jurisdiction over this claim.").

[4] Fox News's Application for Clerk's Order to Extend Time to Answer was granted by the Clerk's Office. (ECF No. 13.) The due date was set for January 12, 2024.

[5] Although it is unclear if Plaintiff sought leave of Court prior to filing the sur-reply (*see* ECF No. 28), the Court considered the sur-reply in its review of the Motion to Dismiss. *See Washington v. Ellis*, Civ. A. No. 17-07243, 2021 WL 2982175, at *2 (D.N.J. July 15, 2021) ("It is well settled that [a] pro se plaintiff is entitled to a certain degree of leniency so as to ensure that her case is decided on its merits rather than a procedural technical[ity]." (alterations in original) (internal quotation marks and citations omitted)).

response. First[,] I must elaborate on the reality & legality of the gross roots campaign that I am trying to mount." (ECF No. 30 at 1.) Thereafter, on February 1, 2024, the Court entered a text order providing that: "[t]he Court is in receipt of the [ECF No. 27] Third Amended Complaint (TAC). The TAC was not filed with permission. Therefore, the [ECF No. 11] [Second] Amended Complaint is the operative complaint, and the [ECF No. 26] motion to dismiss will be addressed in due course." (ECF No. 31.) The Court further stated "[t]he [ECF No. 26] motion to dismissed [sic] is fully briefed. No further briefs will be accepted without permission from the Court." (*Id.*) On June 27, 2024, Plaintiff filed another letter requesting leave to amend the Second Amended Complaint. (ECF No. 32.)

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). "[I]t is the plaintiff who bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted); *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F.

Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citing *St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the U.S. V.I.*, 218 F.3d 232, 240 (3d Cir. 2000) ("The issue of standing is jurisdictional."); *Kaufman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 733 (3d Cir. 1970) ("[W]e must not confuse requirements necessary to state a cause of action . . . with the prerequisites of standing.")). "Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine*, 486 F.3d at 810 (citing *Warth v. Seldin,* 422 U.S. 490 (1975); *Storino v. Borough of Point Pleasant Beach,* 322 F.3d 293, 296 (3d Cir. 2003)). Nevertheless, on a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561 (1992)). However, "*general factual* allegations of injury resulting from the

defendant's conduct *may suffice.*" *Lujan,* 504 U.S. at 561 (emphasis added).

Article III "standing consists of three elements." *Spokeo*, 578 U.S. at 338 (quoting *Lujan*, 504 U.S. at 560). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id*. (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

"A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a "facial" attack or a "factual" attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa.*, 757 F.3d at 357. Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("The facial attack does offer similar safeguards to the plaintiff [as a 12(b)(6) motion]: the court must consider the allegations of the complaint as true."). The Court "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008) (citing *Cardio-Medical Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983)).

Under a factual attack, however, the challenge is to the trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891. Thus, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Moreover, in a factual attack, "the court

7

may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178.

Here, Fox News asserts a facial 12(b)(1) challenge. Therefore, the Court considers the allegations in the light most favorable to Plaintiff. *Gould Elecs.*, 220 F.3d at 176; *Mortensen*, 549 F.2d at 891.

## III. DECISION

Fox News argues the Second Amended Complaint should be dismissed because: Plaintiff lacks standing to pursue his claim; Plaintiff did not file the Second Amended Complaint with consent or leave of the Court; the First Amendment to the U.S. Constitution bars Plaintiff's claim; and the RNC sets the criteria for debate participation. (ECF No. 26-1.) In his sur-reply,[6] Plaintiff asserts, "my place of birth should no longer be an issue due to the fact that Sen. Ted Cruz who was born in Calgary, Canada was allowed to run in 2016." (ECF No. 30 at 2.) Plaintiff further contends "Fox News is practicing unfair REPORTING TACTICS by make [sic] it impossible for someone like myself with a well[-]crafted plan for the future of our nation and our world to speak to a journalist—journalism should be open and honest and FOX NEWS is neither." (*Id.* (emphasis and ellipses in original).) Plaintiff submits he is "respectfully seeking Fox News'[s] consent to continue litigating and debating the merits of the case . . . and am requesting that they withdraw their motion for dismissal." (*Id.* at 3 (emphasis and ellipses in original).)

### A. Plaintiff Lacks Standing to Pursue His Claim

As noted above, the Court has taken judicial notice of Judge McNulty's finding that

---

[6] Plaintiff did not raise substantive arguments in his filing entitled "Response in Opposition." (ECF No. 28.) Instead, Plaintiff states he: "WOULD LIKE TO FILE THIS MOTION as opposition to the FILING FOR DISMISSAL to the case Pereira vs. Fox News . . . As part of this letter I am requesting Oral argument and rebute [sic] to the [motion] that I received from [Fox News's counsel] outlining my case[.]"

Plaintiff is ineligible to run for president. "Collateral estoppel, or issue preclusion, prevents a party who litigated an issue previously from rearguing that particular issue even if the other litigants were not party to the earlier proceeding." *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 105 (3d Cir. 2006) (citing *Szehinskyj v. Att'y Gen. of the U.S.*, 432 F.3d 253, 255 (3d Cir. 2005)). "Collateral estoppel exists to promote judicial consistency, encourage reliance on court decisions, and protect defendants from being forced to relitigate the same issues in multiple lawsuits." *Peterson v. Holmes*, Civ. A. No. 11-2594, 2017 WL 1653949, at *4 (D.N.J. May 2, 2017) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Based on the foregoing, the Court finds Plaintiff cannot relitigate his eligibility to run for president by bringing this action against Fox News.

Accordingly, Plaintiff's allegations that Fox News improperly controls the candidates for its presidential debates pursuant to illegal invitational criteria (*see* ECF No. 11 § III) has not caused him an injury in fact because Article II of the Constitution prevents him from running for president. The Court therefore finds Plaintiff has failed to satisfy his burden of establishing Article III standing. *Spokeo*, 578 U.S. at 338 (citing *FW/PBS, Inc.*, 493 U.S. at 231). Indeed, the Second Amended Complaint lacks details demonstrating Plaintiff suffered an injury in fact that is fairly traceable to the challenged conduct of Fox News. *Spokeo*, 578 U.S. at 338 (quoting *Lujan*, 504 U.S. at 560). Fox News's Motion to Dismiss for lack of jurisdiction under Rule 12(b)(1) is **GRANTED**. Because the Court grants Fox News's Motion based on Plaintiff's lack of standing, the Court will not address Fox News's remaining arguments as they are moot.

**B.   Plaintiff Also Failed to Plead a Short and Plain Statement**

Under Federal Rule of Civil Procedure 8(a)(2), a civil plaintiff is required to set forth "a short and plain statement of [his or her] claim showing that [he or she] is entitled to relief." Fed.

R. Civ. P. 8(a)(2). While Rule 8 does not require a plaintiff to provide detailed factual allegations, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, the Second Amended Complaint does not meet this burden. It provides almost no factual allegations whatsoever. (*See* ECF No. 11.) The unadorned, conclusory allegations that Plaintiff based his claim(s) on fail to provide a short and plain statement of the factual allegations as required by Rule 8(a)(2). Therefore, the dismissal of the Second Amended Complaint is warranted on this basis as well.

## IV. CONCLUSION

For the reasons set forth above, Fox News's Motion to Dismiss (ECF No. 26) is **GRANTED**. The Second Amended Complaint (ECF No. 11) is **DISMISSED WITH PREJUDICE**.[7] This case shall be marked as closed.[8] An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: August 23, 2024

---

[7] "Reasons a court could deny leave to amend include undue delay, bad faith, dilatory motive, prejudice, and futility." *Fonti v. Health Pros. & Allied Emps.*, Civ. A. No. 13-4231, 2015 WL 1523834, at *3 (D.N.J. Apr. 2, 2015) (citing *Burlington Coat Factory*, 114 F.3d at 1434). "An amendment is futile if the amended complaint would not survive a motion to dismiss." *Cnty. of Hudson v. Janiszewski*, 351 F. App'x 662, 666 (3d Cir. 2009) (citing *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)). The Court declines to grant Plaintiff an opportunity to amend, because any amendment of the Second Amended Complaint would be futile.

[8] As Judge McNulty aptly noted:
> [t]he plaintiff is be admired and commended for what seems to be a sincere desire to service the public in elected office. Perhaps he can pursue that ambition in another way—for example through volunteer work, or by seeking some public office which, unlike the presidency, does not have the prerequisite of natural born citizenship. Article II of the Constitution, however, stands as insuperable barrier to his quest for the presidency.

(ECF No. 26-4 at 5.)